SUGG, Justice, for the Court:
Defendant was convicted of burglary in the Circuit Court of the First Judicial District of Jones County and sentenced to serve six years in the state penitentiary. We reverse because the indictment returned against defendant was void.
Defendant was indicted in vacation on on February 21, 1975 by a grand jury empanelled at the July 1974 term after the November 1974 term intervened. A new grand jury was not empanelled at the November 1974 term. The state concedes this to be error and we agree.
Joyce v. State, 327 So.2d 255 (Miss. 1976) and Tubby v. State, 327 So.2d 272 (Miss. 1976) held that a grand jury empanelled at a term of court may remain empanelled or be reconvened at any time before the next term of criminal court. Ingram v. State, Miss., 330 So.2d 602 1976 defined a “criminal term” as:
[A]ny term of circuit court fixed by statute unless (1) the statute limits the term to civil business only, or unless (2) the statute specifically gives the circuit judge discretion in the matter of empaneling a grand jury, and none is em-panelled.
Under Joyce, Tubby and Ingram, a grand jury empanelled at one term may not serve beyond the commencement of the *882 next term unless the next term is limited to civil business only or unless the statute specifically gives the circuit judge discretion to empanel a grand jury, and none is em-panelled.
This case does not fall within either of the exceptions set forth in Joyce and Ingram. Under Mississippi Code Annotated section 9-7-47 (1972) each of the three terms of circuit court in the First Judicial District of Jones County are terms at which both civil and criminal business may be transacted. The statute provides:
The circuit court terms of the eighteenth circuit court district shall be as follows:
Jones County: First District: On the fourth Monday of February, eighteen (18) days; on the fourth Monday of July, eighteen (18) days; and on the fourth Monday of November, eighteen (18) days.
The grand jury empanelled at the July 1974 term of circuit court for the First District of Jones County could not be recalled for service during or after the November 1974 term. Since the grand jury in this case was recalled after the November 1974 term any indictments returned by it after the date fixed by statute for the first day of the November term are void.
Mississippi Code Annotated section 13-5-39 (1972) provides that no grand jury shall be empanelled 'for more than two terms of circuit court unless otherwise directed by the circuit judge.[1] This means that the circuit judge is not required to empanel more than two grand juries in any calendar year; however, a grand jury empanelled at one term may not be recalled after commencement of the next term unless the next term falls within the exceptions set forth in Joyce and Ingram.
Accordingly, the judgment of the lower court is reversed and the case is remanded for submission to a properly constituted grand jury. Defendant shall be held under a bond in the penal sum of One Thousand Five Hundred Dollars ($1,500.00) to await the action of the next grand jury.
REVERSED AND REMANDED.
GILLESPIE, C. J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, WALKER, BROOM and LEE, JJ., concur. -

. It should be noted, however, that statutes fixing terms of court for some counties provide for empaneling grand juries at specified terms of court and provide that more than two grand juries shall be empanelled during a calendar year. For example, see Mississippi Code Annotated section 9-7-15 (1972).